## Werner's Appeal.    Hilline's Estate.

Two minors died intestate, unmarried and without issue, leaving their father as their heir-at-law. The latter was imbecile and possessed of no estate. A sister of the deceased nursed them through their last illness and prepared the bodies for interment. For these services she presented a claim to the administrator, who refused payment on the ground that the charges were exorbitant, and paid the balance to the father as distributee, but filed no vouchers. *Held*, that the claim being for necessaries, and the parent unable to pay it, the estate of the minors was liable; that the payment by the administrator to the father was at his own risk; that under the evidence the claim, $45 for each minor, was not exorbitant.

October 8th 1879.    Before SHARSWOOD, C. J., MERCUR, GOR-DON, PAXSON, TRUNKEY and STERRETT, JJ.    GREEN, J., absent.

Appeals from the Orphans' Court of *Allegheny county*: Of October and November Term 1879, Nos. 113 and 114.

These were two appeals by Frederick Werner, administrator of the estate of William and Catharine Hilline, deceased, from the decree of the court surcharging appellant with the sum of $45 in each case.

Appellant filed his final account, which set forth that he has distributed the entire estate to Anton Hilline, the father and heir-at-law of the deceased, but filed no vouchers to said account. The estate was small, consisting of about $150. It appeared that the deceased were minors, unmarried and without issue. Their father, by reason of his habits of intemperance, was imbecile, impaired in health, and possessed of no means. The deceased had been sick, for several days prior to their death, with malignant typhoid fever, and required constant care and attention. Mary Hopkins, a sister of deceased, had boarded and nursed them through their last illness, and had prepared their bodies for interment. She presented her claim for these services to the administrator, prior to the alleged distribution to the heir, payment of which was refused on the ground that it was excessive. She then excepted to the account of the administrator, and the court sustained her exception, surcharging the accountant with the sum of $45, in each case, and costs. Werner then took this appeal.

*Morton Hunter*, for appellant.—There was no contract with deceased to pay for services, and if there was it was void, as they

were minors and under the protection of their father, who was bound to furnish them maintenance: Reeves's Domestic Relations 228; 1 Bl. Com. 446; Schouler's Domestic Relations 322; Harlan's Accounts, 5 Rawle 323. The amount received by the father was ample to pay the claim.

The exceptant permitted appellant to pay the father the money, and is therefore estopped. The claim is exhorbitant and unreasonable.

*Winfield S. Wilson*, for appellee.—The claim of appellee is based on a *quantum meruit:* Hertzog *v.* Hertzog, 5 Casey 465. The duty to pay arose out of the facts. The services were necessaries, and not upon a contract with either the deceased or the parent. The latter being unable to pay was discharged from his duty, and the claim is a proper one against the estate, and which the administrator should pay: Reeves's Domestic Relations 287, 413, 465; Schouler's Domestic Relations 322; Adams's Equity, 5th ed., 287; Greenwell *v.* Greenwell, 5 Ves., Jr., 194, and cases cited in notes; Harlan's Accounts, 5 Rawle 323; Dawes *v.* Howard et al., 4 Mass. 97; In re Petition of Charles Potts, 1 Ash. 340; Newport *v.* Cook, 2 Id. 332; Pennock's Estate, 1 W. N. C. 196, 434; Hellerman's Estate, 3 Id. 391.

The Orphans' Court will not dispense with the exhibition of proper vouchers for payments made: Verner's Estate, 6 Watts 250; Romig's Appeal, 3 Norris 235; Act of March 15th 1832, Pamph. L. 143, sect. 29, 1 Purd. Dig. 444, sect. 189.

The administrator made the distribution at his own risk, and cannot complain of the surcharge: Moorhead's Appeal, 8 Casey 297. The claim was reasonable and just.

The judgment of the Supreme Court was entered October 20th 1879,

PER CURIAM.—That the claim of Mrs. Hopkins against the estate of the minors, was for necessaries, has not been disputed. It seems plain upon the evidence that their father was unable to pay it. If the appellant paid him the balance in his hands as distributee, it was at his own risk. As to the amount of the claim which is complained of as exhorbitant, upon the evidence we think the court below were entirely right in allowing it.

Decree affirmed and appeal dismissed at the costs of the appellant.